Hon. Christopher M. Alston
Chapter 7

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE:<br><br>NEVIN GEORGE MIDDLETON,<br><br>        Debtor. | NO. 22-10114<br><br>ADV. NO. |
| RICHARD REEVES and SARAH REEVES, husband and wife,<br><br>        Plaintiffs,<br><br>v.<br><br>NEVIN GEORGE MIDDLETON,<br><br>        Defendant. | COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT |

RICHARD REEVES and SARAH REEVES, Plaintiffs herein, complain and allege as follows:

1. Defendant Nevin George Middleton (hereafter, "Middleton" or "the Debtor") is the Debtor in the underlying Chapter 7 bankruptcy proceeding.

COMPLAINT - Page 1 of 7

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

2. Plaintiffs Richard Reeves and Sarah Reeves (hereafter, the "Reeves" or "Plaintiffs") are a married couple. The Reeves are prepetition creditors of Middleton, as defined by 11 USC § 101(10).

3. This is an adversary proceeding to determine the dischargeability of Middleton's debt to the Reeves, pursuant to 11 USC § 523(a).

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 USC § 1334(b) and 28 USC § 157(a). The Bankruptcy Court has the authority under applicable law to enter a final order or judgment in this action. The Plaintiffs consent to entry of a final order or judgment by the bankruptcy judge.

## FACTUAL ALLEGATIONS REGARDING CLAIM

5. Prepetition, Middleton was a member and manager of Innovation Homes, LLC, a Washington limited liability company ("Innovation"). On information and belief, Middleton and his non-filing spouse Kamala Sohota-Middleton owned 100% of the membership interests in Innovation, as a marital community.

6. On August 25, 2014, Innovation purchased a single-family residence at 1819 10th Street, Anacortes, Washington (the "Property"). Following purchase, Innovation, through Middleton as manager, commenced significant renovation and remodel of the house.

7. A description of the renovations undertaken by Innovation are set out in ¶¶ 3.4 through 3.20 of the Amended Complaint for Breach of Contract, Fraud, Failure to Disclose, Fraud in the Inducement, Construction Defect, Breach of Fiduciary Duty, Breach of Duty of Good Faith and Fair Dealing, Fraudulent Misrepresentation, Negligent Misrepresentation, on Contractor's Bond and for Consumer Protection Violations (hereafter, the "State Court Complaint") filed by the Reeves against Innovation Homes, Middleton, and other defendants, *Reeves v. Innovation Homes, LLC, et al.,* Skagit

COMPLAINT - Page 2 of 7

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

County Superior Court No. 19-2-00625-29 (the "State Court Case.") A copy of the State Court Complaint with all exhibits is attached hereto as Exhibit A and is incorporated herein in its entirety.

8. The renovation work done on the Property required inspection by the City of Anacortes pursuant to relevant building codes. Despite that inspection requirement, Innovation failed to have the work properly inspected. Middleton did not notify the Reeves that the Property had not been properly inspected.

9. In August 2017, the Reeves and Innovation agreed on the terms of a purchase and sale of the Property.

10. In connection with the purchase and sale, Innovation provided a "Form 17" Seller Disclosure Form to the Reeves (Exhibit G to the State Court Complaint). The Form 17 was signed by Middleton, who attested that all representations were complete and correct.

11. The Form 17 was materially inaccurate. Among other things, the Form 17 stated that there were no problems or repairs needed, all building permits were obtained, all final inspections were obtained, and there were no defects in any of the major systems. Those representations were each false.

12. As part of the purchase and sale, Innovation agreed to provide a solar hot water heating system. The system was never completed, because Innovation failed to obtain a permit, and because the system sold to the Reeves was not compatible with Western Washington climates.

13. At the Reeves' request, and prior to the closing of the sale of the Property, Middleton, Innovation, and the realtor employed by Middleton and Innovation arranged for a third-party inspection of the Property. On information and belief, based upon the inspection not calling out certain defects that in fact existed, Middleton and his company Innovation provided false and misleading information to the inspector. The Reeves closed the purchase in part in reliance on the false and misleading information contained in the inspection report.

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

14. Innovation both failed to obtain required building permits for the scope of work performed and failed to have required inspections completed. Innovation did not provide detailed building plans to the City of Anacortes, did not request any of the inspections required under applicable law, and did not obtain approval for the final project. Following the closing of the sale of the Property, the plans examiner for the City advised the Reeves that he had health and safety concerns about the residence. The City later issued a stop-work order with respect to the solar hot water system for failure to be in compliance with applicable codes.

15. The Reeves filed complaints with the Department of Labor and Industries and the Washington State Attorney General regarding the failures and false representations described above and in the State Court Complaint.

16. The State Court Case was commenced on May 28, 2019. As set out in the State Court Complaint, causes of action were advanced against Middleton personally (as one of the defined "INNOVATION DEFENDANTS") for (among other causes of action) fraud, fraud in the inducement, fraudulent misrepresentation, and violations of Washington's Consumer Protection Act, RCW chapter 19.86.

17. Middleton and Innovation appeared and defended against the Reeves' complaint. The parties then embarked on discovery and other pretrial matters.

18. On May 7, 2021, the Superior Court issued an order on the Reeves' motion to compel, which required Middleton to produce certain documents, appear for deposition, and pay fees and costs. Middleton did not file an opposition to the motion to compel or appear at hearing on that motion. He failed to appear for his properly noticed deposition or produce the court-ordered documents.

19. The Reeves then moved to strike Middleton's and Innovation's answers and/or for entry of a default judgment. On June 18, 2021, the state court granted the Reeves' motion, ordered

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Middleton's and Innovation's answers stricken, and granted judgment by default in favor the Reeves and against Middleton and Innovation on all claims. A copy of that Order is attached as Exhibit B.

20. On July 16, 2021, the state court entered a Judgment in favor of the Reeves and against Nevin Middleton and Innovation Homes, LLC, jointly and severally, for a total of $136,831.51. The judgment amount includes compensatory damages of $37,874.90; treble damages up to the statutory cap of $25,000, pursuant to RCW 19.86.090; civil penalties of $2,000 per defendant pursuant to RCW 19.86.040, and attorney's fees and costs of $69,956.61. The judgment is accruing interest at 12% per annum. A copy of the Judgment is attached hereto as Exhibit C.

21. In entering the Judgment against Middleton that included treble damages under RCW 19.86.090, the Superior Court necessarily found that Middleton had made false representations and otherwise engaged in conduct that constituted unfair or deceptive acts or practices in the conduct of any trade or commerce under RCW 19.86.020.

22. Middleton's false representations to Reeves both personally and on behalf of Innovation, including those representations on the Form 17, false representations in connection with the inspection of the Property, and intentional failure to obtain necessary permits and inspections, were knowingly and intentionally made with the intent of deceiving the Reeves, who reasonably relied on those representations. The false representations did in fact deceive the Reeves and caused them significant damage.

23. Middleton filed a petition under Chapter 11 Subchapter V on January 24, 2022. The case was converted to Chapter 7 on September 26, 2022. As of the date of conversion, the deadline for the Reeves to file a complaint under § 523 of the Bankruptcy Code, as extended by agreement of the parties and order of the Bankruptcy Court, had not yet passed. This action is timely under Federal Rule

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

of Bankruptcy Procedure 4007(c), in that it is being commenced prior to the January 6, 2023, deadline for filing challenges to discharge in the Chapter 7 case.

## CAUSES OF ACTION

24. Debtor Nevin Middleton both personally, and in his capacity as manager of Innovation Homes, made false and misleading representations to the Plaintiffs Reeves, in connection with the sale of the Property by his closely held LLC. Middleton also made false and misleading representations to third parties including property inspectors for the purpose of communicating that information to the Reeves.

25. Middleton knew these representations were false.

26. Middleton intended for the Reeves to rely upon these misrepresentations and purchase the Property.

27. The Reeves justifiably relied on the Debtor's representations being truthful.

28. Middleton made knowingly false statements and engaged in unfair and deceptive practices in connection with the business operations of Innovation Homes. These actions included, but were not limited to, falsely representing that the construction work was being done pursuant to all applicable code provisions, that all work was being done in accordance with required permits, and that all work had passed required inspections.

29. Middleton's actions were done wilfully and maliciously, with the intent of selling to the Reeves a substandard and incomplete home.

30. The State Court found that Middleton had personally engaged in unfair and deceptive practices.

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

31. The State Court's striking of Middleton's pleadings for discovery abuses and entering judgment against him necessarily required the State Court to find that the allegations of fact against Middleton in the State Court Complaint were true.

32. The Reeves have suffered significant damages as a result of the Debtors' fraud and misrepresentations. The damages, including interest, attorney's fees, and statutory damages under the Consumer Protection Act, totaled $136,831.51 as of July 16, 2021 (the "Judgment Amount"). Interest continues to accrue on that amount at 12% per annum.

33. The Judgment Amount owed by Middleton to the Plaintiffs should be excepted from discharge pursuant to 11 USC § 523(a)(2)(A) and § 523(a)(6).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek an order as follows:

A. Determining that Plaintiffs' claim, in an amount equal to the Judgment Amount of $136,831.51, plus 12% interest after July 16, 2021, should be excepted from any discharge otherwise awarded to the Debtor;

B. Awarding Plaintiffs their costs, including the filing fee, and any attorney's fees permitted under applicable law; and

C. Such other relief as the Court deems just and equitable.

DATED December 27, 2022.

        WENOKUR RIORDAN PLLC

        */s/ Alan J. Wenokur*

        _____
        Alan J. Wenokur, WSBA # 13679
        Attorney for Plaintiff

COMPLAINT - Page 7 of 7

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)